**PLEA PACKET MEMO**

DEFENDANT:   **CYNTHIA NALLELI ALANIS**

CASE #:        **B-20-118**

Recommendation in exchange for Defendant's Plea to the **Indictment and WAIVER OF APPEAL RIGHTS** as outlined in the plea agreement: <u>**credit for Acceptance of Responsibility, sentencing at the low end of the advisory guideline level the defendant scores, and no additional charge on the bribery investigation upon truthful debrief.**</u>

**<u>FACT SUMMARY SHEET</u>**

<u>Bribery Investigation:</u>

On January 9, 2019, Immigration and Customs Enforcement-Office of Professional Responsibility (ICE-OPR) agents commenced a bribery investigation after receiving information that detention facility employees were involved in a scheme obtaining and then selling Immigration "Alien Detainee Roster Lists" (hereinafter "detainee rosters") of detainees housed at a detention facility. The rosters were sold to Roel Alanis, a private attorney, for compensation. Detainee rosters contain names, dates of birth, country of origin, and "A numbers" of alien detainees, as well as housing assignments.

ICE agents contacted Exy Gomez, a Detention Officer assigned to the El Valle Detention Center (EVDC), an immigration detention facility located in Raymondville, Texas. Gomez stated that on January 4, 2019, she began communicating with co-worker, Benito Barrientez. Barrientez asked her to obtain detainee rosters from the EVDC Raymondville and that he would provide the lists to Roel Alanis, a private attorney. Gomez added that Barrientez said he and Damian Ortiz had been receiving money from Roel Alanis in exchange for the lists. Gomez said she provided the roster for $500.

The investigation continued and agents then questioned Barrientez who stated he was a Classification Clerk assigned to the Willacy County Regional Detention Center (WCRDC) located in Raymondville, Texas. He admitted to providing detainee rosters to Ortiz who would give them to attorney Roel Alanis in return for cash payments. He added that he and Ortiz had been providing rosters to the attorney since about mid-2017 after Oritz proposed this to him as a way to make money from the attorney, and that on occasion, the rosters were provided to Cynthia ALANIS, or in her presence.

Agents then questioned Ortiz who stated he was a Senior Program Director assigned to the WCRDC located in Raymondville, Texas. Ortiz said that since about July 2018, he had been providing detainee rosters to Roel Alanis for cash payments. Furthermore, he added that several times the rosters were given to defendant.

<u>Investigation as to Cynthia ALANIS:</u>

Agents learned that Cynthia ALANIS, an attorney and sister to Roel Alanis, had received rosters and had visited immigration detainees whose names appeared on the rosters. The purpose of such meetings was to have detainees hire the Alanis law firm to represent them in immigration matters.

Agents also discovered that on January 9, 2019, Roel Alanis obtained a detainee roster for EVDC from Ortiz. Agents reviewed attorney visitation logs at EVDC and logs showed that on January 10th and 11th, 2019, attorney Cynthia ALANIS, of the Alanis Law Firm, met with eighteen (18) detained aliens whose information was on the roster obtained by her brother. Also, on January 14, 2019, Roel Alanis had obtained a detainee roster for PIDC from Ortiz and visitation logs showed that on January 16, 2019, Cynthia ALANIS, met with eleven (11) detained aliens whose names appeared on roster. Several of the detainees were interviewed and confirmed Cynthia ALANIS sought to have them hire the Alanis Law Firm and they had not requested said firm to visit them.

When Roel Alanis was arrested later, agents obtained information from his cell phone showing text messages between him, Barrientez, Ortiz, and Cynthia ALANIS, discussing the rosters and payments, and photos of several rosters delivered before the investigation began. Specifically, in August and September of 2018, Roel and Cynthia ALANIS had communications about the detainee rosters, visitations, and payments, and defendant received photographic copies of rosters.

<u>False Statements by Cynthia ALANIS:</u>

On February 21, 2019, OPR agent Benjamin Elizondo interviewed Cynthia ALANIS in Edinburg, Texas. Defendant was informed of the investigation. Defendant admitted she visited detainees at EVDC and PIDC frequently. She said she could not recall ever visiting with a detainee who already had legal representation saying it was not possible to visit a detainee who already had legal representation. She added any visitations to new detainees by her were the result of either the detainee or a member of the detainee's family having called her law firm requesting representation. When asked whether she received or knew about the firm receiving detainee rosters, Cynthia ALANIS denied this to agents. These statements to agents were false.

Defendant now admits to willfully and knowingly making a materially false statement and representation to Immigration and Customs Enforcement Office of Professional Responsibility Special Agent Benjamin Elizondo. This occurred in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Immigration and Customs Enforcement (ICE). Defendant admits stating she did not receive nor know about any alien detainee rosters given to the Alanis Law Firm and her brother, Roel Alanis, when, in fact, she had previously received detainee roster lists and also knew of such lists given to the law firm.

I agree the above factual summary accurately represents my involvement in the crime to which I am pleading guilty and that the proposed plea agreement accurately and fully describes my plea agreement with the government.

Counsel for Defendant

Defendant

Assistant United States Attorney

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **vs.** | § | **CRIMINAL NO. B-20-118** |
| **CYNTHIA NALLELI ALANIS** | § | |

## PLEA AGREEMENT

COMES NOW the United States of America, by and through its attorneys, RYAN K. PATRICK, United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, and the defendant, **Cynthia Nalleli Alanis,** and the defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant agrees to plead guilty to the indictment in this case. The indictment charges the defendant with Making a False/Fraudulent Statement , in violation of Title 18, United States Code 1001. The defendant, by entering this plea agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

2. As part of this agreement, the United States agrees to recommend credit for Acceptance of Responsibility, sentencing at the low end of the advisory guideline level the defendant scores, and no additional charge on the bribery investigation upon truthful debrief.

3. The statutory maximum penalty for each violation of Title 18, United States Code, Section 1001, is a maximum term of imprisonment of _5_ years, and a fine of $250,000.00; and a period of supervised release not to exceed _3_ years. The defendant

*Revised May 2019*

also acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then the defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. The defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

4.  The defendant will pay to the United States District Clerk a special assessment in the amount of one-hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A).  The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5.  The defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

6.   The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

7.  Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if she is requested to do so.  In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following her sentencing.

8.  Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States.   Defendant

understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant also recognizes that if she is a naturalized citizen, pleading guilty may result in loss of citizenship. Defendant's attorney has advised defendant of the potential immigration and/or denaturalization (loss of citizenship) consequences resulting from defendant's plea of guilty.

9. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines. The defendant understands and agrees that whether such a motion is filed, will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statement. The defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in this agreement. The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

10. The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to the specific facts of the present offense. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind

any other United States Attorney or any other unit of the Department of Justice;

(b)     Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in her possession or under her control relating to all areas of inquiry and investigation.

(f)     Should the recommended departure, if any, not meet the defendant's expectations, the defendant understands she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw her plea.

11.     Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed.  The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant knowingly and voluntarily waives the right to contest her conviction or sentence by means of any post-conviction proceeding.  If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.  Nothing in the foregoing waiver of appellate and collateral

review of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

12.     In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court.  The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive.  Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.  *United States v. Booker*, 125 S.Ct. 738 (2005).  Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

13.     The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in paragraph 2 of this plea agreement.

*Revised May 2019*                          5

14.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.  Specifically, the United States reserves the right:

    (a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b)    to set forth or dispute sentencing factors or facts material to sentencing;

    (c)    to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

    (d)    to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

15.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.    If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

16.     Defendant understands that by entering into this agreement, she surrenders

certain rights as provided in this plea agreement.  Defendant understands that the rights

of a defendant include the following:

(a)     If defendant persisted in a plea of not guilty to the charges, defendant would
have the right to a speedy jury trial with the assistance of counsel.  The trial
may be conducted by a judge sitting without a jury if the defendant, the
United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and
other evidence against the defendant. Defendant would have the
opportunity to confront those witnesses and her attorney would be allowed
to cross-examine them. In turn, the defendant could, but would not be
required to present witnesses and other evidence on her own behalf. If the
witnesses for defendant would not appear voluntarily, she could require
their attendance through the subpoena power of the court.

(c)     At a trial, defendant could rely on a privilege against self-incrimination and
decline to testify, and no inference of guilt could be drawn from such refusal
to testify.  However, if the defendant desired to do so, she could testify on
his/her own behalf.

17.     If defendant should fail in any way to fulfill completely all of the obligations

under this plea agreement, the United States will be released from its obligations under

the plea agreement, and the defendant's plea and sentence will stand.  If at any time

defendant retains, conceals or disposes of assets in violation of this plea agreement, or

if defendant knowingly withholds evidence or is otherwise not completely truthful with the

United States, then may move the Court to set aside the guilty plea and reinstate

prosecution.  Any information and documents that have been disclosed by defendant,

whether prior to or subsequent to this plea agreement, and all leads derived therefrom,

will be used against defendant in any prosecution.

18.     This written plea agreement, consisting of nine pages, including the

attached certifications of defendant and her attorney, constitutes the complete plea

*Revised May 2019*                              7

agreement between the United States, defendant and her counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

19.    Any modification of this plea agreement must be in writing and signed by all parties.

_____
Defendant

APPROVED:

_____
Assistant U.S. Attorney

_____
Attorney for Defendant

CERTIFICATION  BY  THE  DEFENDANT

I have consulted with my counsel and fully understand all my rights with respect to the underlined charge pending against me.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and I voluntarily agree to it.

_____
Defendant

_____
Date   2/3/21


CERTIFICATION  BY  ATTORNEY

I have fully explained to the defendant, her rights with respect to the pending indictment.  Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Counsel for Defendant

_____
Date   2/3/2021

*Revised May 2019*                    9